J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)                                        CLOSED
*annie@coombspc.com*
J. Andrew Coombs, A P. C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Robert J. Ward
Thomas C. Wright
Gardere Wynne Sewell, L.L.P.
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone:  (214) 999-3000
Facsimile:   (214) 999-3266

Attorneys for Plaintiff Heeling Sports Limited

Ricky W. Poon (SBN 177401)
Law Offices of Ricky W. Poon
2926 West Valley Boulevard
Alhambra, California 91803
Telephone:  (626) 282-9797
Facsimile:   (626) 282-9733

Attorneys for all Defendants USA
AiSiQi Shoes, Inc. and Chen Yu Hung a/k/a
George Chen

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Heeling Sports Limited, | Case No. CV 07-02156 DDP (JCx) |
| Plaintiff, | CONSENT DECREE AND PERMANENT INJUNCTION |
| v. | |
| USA AiSiQi Shoes Inc., Chen Yu Hung a/k/a George Chen and Does 1-10, inclusive, | |
| Defendants. | |

The Court, having read and considered the Joint Stipulation re Entry of

Judgment that has been executed by Plaintiff Heeling Sports Limited ("Plaintiff" or

"Heeling") and Defendants USA AiSiQi Shoes Inc. and Chen Yu Hung a/k/a George

Chen (collectively "Defendants") in this action, and good cause appearing therefore, hereby:

ORDERS that based on the Parties' stipulation and only as to Defendant USA AiSiQi Shoes Inc. ("Defendant"), its successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

1)      This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to the Lanham Act, 15 U.S.C. § 1051, et seq., and 28 U.S.C. §§ 1331, 1338 and 1367.  Service of process was properly made against Defendants.

2)      Heeling owns or controls the pertinent rights in and to the following patents, and all of the claims thereof, are valid and enforceable:  United States Patent No. 6,406,038, United States Patent No. 6,739,602, and United States Patent No. 6,746,026 (collectively "the Patents").

3)      Defendant and its agents do not admit to liability but had wheeled footwear (hereinafter "Knockoff Skates") on its premises in January 2007.  The Knockoff Skates are wheeled footwear having one or more wheels in an opening in the bottom of the heel that allow a user to walk or run on the forefoot and transition to rolling on the wheel or wheels in the heel.

4)      Defendant, its agents and employees, and all other persons and entities in active concert or participation with it who receive actual notice hereof by personal service or otherwise, are enjoined and restrained from infringing, either directly or indirectly, or inducing infringement of or contributorily infringing any of the claims of the Patents, and from making, having made, importing, using, selling or offering to sell Knockoff Skates during the life of the Patents, including any wheeled footwear or skate having at least one wheel in the heel that is to be or is used by walking or running on the forefoot portion of the sole and then transitioning to rolling on the wheel or wheels in the heel.

5)      Nothing herein shall be construed as a release as to any third party, including, for example, the party that manufactured the Knockoff Skates, the party that supplied the Knockoff Skates to Defendant, or others that may have participated in acts constituting inducement of patent infringement of any of the Patents.

6)      Each side shall bear its own fees and costs of suit.

7)      Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

8)      This Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

9)      The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

10)     The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

11)     This Court shall retain jurisdiction over the Defendant for the purpose of making further orders necessary or proper for the construction or modification of this Consent Decree and Permanent Injunction, the enforcement hereof or the punishment of any violations hereof.

IT IS SO ORDERED.

DATED: June 18, 2008

_____
Hon. Dean D. Pregerson
Judge, United States District Court
for the Central District of California

PRESENTED BY:

J. Andrew Coombs,
A Professional Corporation

By: _____
        J. Andrew Coombs
        Annie S. Wang
Attorneys for Plaintiff Heeling
Sports Limited

Law Offices of Ricky W. Poon

By: _____
        Ricky W. Poon
Attorneys for Defendants USA AiSiQi
Shoes Inc., Chen Yu Hung a/k/a George Chen